UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. WILSON,

                Petitioner,

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

                Respondent.

Case No. 3:07-CV-01487

(Judge Kosik)

## MEMORANDUM

Petitioner John D. Wilson ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2007, in which he challenges his confinement at the State Correctional Institution at Frackville ("SCI-Frackville") (Doc. 1). Before the court are Petitioner's objections, filed November 16, 2007, (Doc. 20), to the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 19). For the reasons that follow, we will overrule Petitioner's objections, adopt the Report and Recommendation of the Magistrate Judge, dismiss the petition for writ of habeas corpus, and close the case.

**Factual Background**

We adopt the factual findings laid out in the Report and Recommendation. We summarize the crux of the case as follows.

Petitioner is a Pennsylvania state prisoner confined at SCI-Frackville. Petitioner's parole was revoked on December 11, 2003, pursuant to a parole violation hearing. The reasons for the revocation were memorialized in a Notice of Board Decision dated January 27, 2004, which provides, in pertinent part:

> Recommit to a state correctional institution as a technical parole violator to serve 24 months backtime.
> –24 months for violation of condition # 7, failure to successfully complete the ADAPPT program.

> Evidence relied on: your admission.
> Reasons: Not amenable to parole supervision. You are considered a threat to the safety of the community. Violations established.
> Aggravating reasons: Threats to agent and her family. Serious anger problems. Danger to the community.

(Doc. 5.) Respondent Pennsylvania Board of Probation and Parole (the "Board") denied reparole for Petitioner in September, 2005, April, 2006, and March, 2007. The Board based its decision to deny reparole on the following factors: negative recommendation of institution, prior history of supervision failure, and institutional behavior.

On June 27, 2007, Petitioner challenged the Board's decision to deny his reparole in the Commonwealth Court of Pennsylvania. Petitioner alleged that the Board's decision deprived him of due process and violated the Ex Post Facto clause of the United States Constitution. The Commonwealth Court sustained preliminary objections filed by the Respondent because Petitioner failed to comply with the service of process rules. Petitioner failed to petition the Supreme Court of Pennsylvania for allocatur.[1]

This petition was filed on August 14, 2007, and the Report and Recommendation was issued on November 8, 2007. In the Report and Recommendation, the Magistrate Judge found that Petitioner had procedurally defaulted his state law claims, which provided "an independent and adequate state law procedural basis for the state law preclusion." Additionally, the Magistrate Judge found there to be no cause, prejudice, or fundamental miscarriage of justice to excuse the procedural default.

Petitioner filed objections to the Report and Recommendation on November 16, 2007. The Petitioner argues that his procedural default should be excused, in the

---

[1]According to the Pennsylvania Rules of Appellate Procedure, a petition for allowance of appeal must be filed within thirty days of the entry of the order of the Commonwealth Court sought to be reviewed. See Pa. R. App. P. 1113(a).

absence of cause, because a constitutional violation has resulted in his innocent conviction. The Board submitted a brief in opposition to the objections on December 3, 2007, to which the Petitioner responded on December 11, 2007. The Board argues that the Magistrate Judge's determination that Petitioner's failure to exhaust his state court claims bars federal habeas review. Additionally, the Board notes that pursuant to 28 U.S.C. § 2244(d)'s one-year statute of limitations, only the Board's most recent decision to deny Petitioner reparole is before the court.

### Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1) (2000); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we may rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### Discussion

In order for a court to consider the grant of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must have exhausted the underlying state court claim: "An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 858, 845 (1999).

In Pennsylvania, a state prisoner may appeal an adverse decision from the Pennsylvania Board of Probation and Parole to the Commonwealth Court, and then, if relief is not granted by the Commonwealth Court, the state prisoner may seek allocatur from the Supreme Court of Pennsylvania. See Williams v. Wynder, 232 Fed. Appx. 177, 178, 181 (3d Cir. 2007). If the prisoner does not seek allocatur from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See id. at 181. Of course, if time still allows, such a petitioner could request allocatur from the Supreme Court of Pennsylvania; however if such relief has been foreclosed, then a procedural default occurs and the failure to seek allocatur is an adequate and independent state ground barring federal court review of the claim. See id.

According to the Supreme Court of the United States, "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The petitioner bears the burden of establishing an exception to the procedural default. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

In order to show cause for the procedural default, the petitioner must "'show that some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule.'" Werts v. Vaughn, 228 F.3d 178, 192–93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

4

The miscarriage of justice exception applies only in the extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

The instant petitioner failed to seek allocatur from the Supreme Court of Pennsylvania, and his time for seeking appeal has expired. Petitioner's claim has thus been procedurally defaulted, and we may only hear his claim if he can demonstrate either cause and prejudice for the default or that a fundamental miscarriage of justice would result if we declined to hear it.

In Petitioner's Brief in Opposition to Respondent's Brief Objecting to Petitioner's Response to the Judge's Report and Recommendation, Petitioner alludes to the cause and prejudice exception, however he fails to set forth a coherent argument based on the legal standard for cause and prejudice. The Magistrate Judge concluded that there is no cause or prejudice to excuse the procedural default, and we agree.

Petitioner argues with more force that his procedural default should be excused because he is innocent; essentially, a fundamental miscarriage of justice would result if we declined review of his petition. From what we can glean from his petition and briefs, Petitioner argues that he is innocent of the original event causing his parole to be revoked and that he never received notice of the offense with which he was charged, which caused his parole to be revoked.

"[T]o establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him." Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000). The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 321–22 (1995). Petitioner presents us

with no more than his perspective of how the parole revocation and subsequent reparole denials occurred in his pleadings and briefs.  Although Petitioner submits documents to support his petition, these documents—Notice of Board Decisions, Correctional Plans, and Inmate's Requests to Staff Member—show only that Petitioner failed to fulfill his requirements for reparole.  For example, Petitioner submitted numerous Inmate Requests to Staff Member in which he questioned how he could fulfill his required anger management class because the class was no longer offered, despite petitioner being told in numerous responses that he could take a suggested alternative class (Doc. 5). These documents show legitimate reasons why Petitioner's parole was revoked and why his reparole was denied, and Petitioner does not rebut these reasons with any evidence. Therefore, Petitioner has failed to fulfill his burden of establishing a fundamental miscarriage of justice to overcome his procedural default.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. WILSON,

           Petitioner,

   v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

           Respondent.

Case No. 3:07-CV-01487

(Judge Kosik)

## ORDER

AND NOW, this 26th day of February, 2008, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated November 8, 2007 is **ADOPTED**;

2. The Petition for Writ of Habeas Corpus is **DISMISSED**;

3. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability;

4. The Clerk of Court is directed to **CLOSE** this case and **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

           *s/Edwin M. Kosik*

           United States District Judge